# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **MICHAEL THOMAS**, | ) |
| Plaintiff, | ) **C.A. No.:** |
| v. | ) |
| **PROGRESSIVE LEASING,** | ) |
| Defendant. | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

MICHAEL THOMAS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PROGRESSIVE LEASING ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Maryland, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Baltimore, Maryland 21213.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 256 Data Drive, Suite 100, Draper, Utah 84020.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around January 2016 and continuing through at least late April 2016, Defendant called Plaintiff's cellular telephone repeatedly, often several times a day.

13. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

PLAINTIFF'S COMPLAINT

14. Plaintiff knew that Defendant was using an automated telephone dialing system because the calls would often began with a pre-recorded voice or message before calls were transferred to one of Defendant's representatives or terminated.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect an account balance from a third party.

16. Desiring to stop the repeated telephone calls, Plaintiff spoke with Defendant's representatives in or around February 2016 and told them to stop calling him.

17. Once Defendant was informed that its calls were unwanted and to stop, there was no lawful to making further calls, nor was there any good faith reason to place calls.

18. However, Defendant continued to call Plaintiff on his cellular telephone, sometimes multiple times per day.

19. Plaintiff told Defendant to stop calling additional times, but they still continued to call.

20. It was frustrating, aggravating, annoying, and upsetting for Plaintiff to receive such continuous and repeated telephone calls from Defendant on his cellular telephone.

21. Upon information and belief, Defendant conducts business in a

PLAINTIFF'S COMPLAINT

manner which violates the TCPA.

# COUNT I
# DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

24. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

26. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

27. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

28. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

29. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

30. Defendant's calls to Plaintiff's cellular telephone after he revoked consent were not made with Plaintiff's consent or permission.

31. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

32. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MICHAEL THOMAS, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHAEL THOMAS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: May 5, 2017

By: /s/ Amy L. Bennecoff
Amy Lynn Bennecoff, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT